# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* 84Partners LLC, | )<br>)<br>) |
| Plaintiff and Relator, | )    No. 3:14-CV-1256-J-32-PDB |
| v. | )<br>)<br>) |
| GENERAL DYNAMICS ELECTRIC BOAT, and HUNTINGTON INGALLS INDUSTRIES, NEWPORT NEWS SHIPBUILDING DIVISION, | )<br>)<br>)<br>)<br>)<br>) |
| Defendants. | |

## UNOPPOSED MOTION FOR LEAVE TO FILE UNDER SEAL AND INCORPORATED MEMORANDUM OF LAW

Pursuant to M.D. Fla. Local Rule 1.09(a) and revised Local Rule 1.11(c), Relator 84Partners LLC respectfully moves the Court for leave to file under seal Relator's Second Amended Complaint. In support thereof, Relator states the following:

The item Relator seeks to seal is Relator's Second Amended Complaint, due to be filed on Dec. 7, 2020. In order to comply with Rule 9(b), Fed. R. Civ. P., and to be responsive to the Court's comments in the October 6, 2020 hearing, the Second Amended Complaint contains extensive information regarding, *inter alia*, Defendant EB and NNS's quality control programs including the inspector delegation programs, purchase order information, part numbers, parts tracing details, and the nonconforming parts installed on Virginia-class submarines. In preparing the Second Amended Complaint, Relator references details from

documents in its possession which may be confidential or proprietary to Defendants. In the case that Defendants may assert that such documents contain highly sensitive, trade secret or valuable proprietary information to the contractors or to the United States, Relators, in an abundance of caution, seek to file the Second Amended Complaint under seal to permit Defendants to review the filed document for marking under a protective order.

As such, Relator proposes that the Second Amended Complaint be placed under seal for a period of thirty days. Before the expiration of those thirty days, Defendants can review the document to identify whether they believe portions of the document may be confidential under Rule 26(c) and should be redacted. The parties do not yet have a Protective Order in place which addresses marking of confidential documents, the process for challenging or defending such designations, nor the use of documents that have been so marked.  Thus, during this thirty-day period, Relator also proposes that the parties create and submit to the Court a Protective Order that would permit either party or the United States to designate documents as confidential.

Any means other than sealing the case for a short period of time would be insufficient because the information in question is referenced all throughout the Second Amended Complaint. Moreover, due to the nature of Relator's allegations and the unique data related to government procurement of submarine components, some of the information may not be appear to Relator to be confidential or proprietary when taken individually, but may become protected when combined with other information and taken as a whole. As such,

any efforts by Relator to redact paragraphs or select information may be ineffective.

Filing this motion to seal the Second Amended Complaint for a limited period of thirty days is done in an abundance of caution given Defendants' roles as prime contractors with the United States and the nature of the information related to the Virginia-class nuclear submarines. By filing this motion, Relator does not represent that it agrees that any information included in the Second Amended Complaint should be restricted from public access, nor does it waive any claims or defenses related to Defendants' marking of the underlying documents as confidential or proprietary trade secrets.

## INCORPORATED MEMORANDUM OF LAW

The Eleventh Circuit has recognized that "[t]he operations of the courts and the judicial conduct of judges are matters of utmost public concern, and the common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process." *Romero v. Drummond Co.*, 480 F. 3d 1234, 1245 (11th Cir. 2007). However, "the common law right of access may be overcome by a showing of good cause, which requires balancing the asserted right of access against the other party's interest in keeping the information confidential." *Id.*, quoting *Chicago Tribune v. Bridgestone/Firestone,* 263 F.3d 1304, 1313 (11th Cir. 2001).

Good cause to maintain documents under seal "generally signifies a sound basis or legitimate need to take judicial action." *Joao Bock Transaction Sys., LLC v. Fid. Nat'l Info. Servs.*, No. 3:13-cv-223, 2015 U.S. Dist. LEXIS 13241, at *4 (M.D. Fla.

3

Feb. 4, 2015)(Corrigan, J.), quoting *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 356 (11th Cir. 1987). A company's interest in the privacy of records such as those at issue here – confidential business records, trade secrets or financial records – has been determined to be good cause sufficient to outweigh the presumption of public access. Courts can maintain under seal documents which include disclosure of "highly sensitive, confidential, proprietary and trade secret materials" where the disclosure would "harm the parties' legitimate privacy interests." *Classic Soft Trim, Inc. v. Albert*, No. 6:18-cv-1237, 2020 U.S. Dist. LEXIS 218313, at *7 (M.D. Fla. Sept. 22, 2020). Similarly, with respect to financial information, "courts have found that a company's interest in the privacy of its financial records and the terms of confidential agreements, however, often outweigh the public right of access." *Graphic Packaging Int'l, Inc. v. C.W. Zumbiel Co.*, No. 3:10-cv-891, 2010 U.S. Dist. LEXIS 143284, at *4 (M.D. Fla. Oct. 27, 2010)(Corrigan, J.).

Finally, it is within the Court's authority to place documents under a short seal while it evaluates whether the public's interest in having access to the case outweighs a party's privacy interests. See, e.g., *Curry v. Bank of Am., N.A.*, 2012 U.S. Dist. LEXIS 131434, at *3-4 (M.D. Fla. Sept. 13, 2012) (placing a motion for summary judgment under provisional seal while the Court evaluates the appropriateness of the request); *Fox. V. GM LLC*, No. 17-cv-209, 2019 U.S. Dist. LEXIS 145532, at *91 (N.D. Ga. Feb. 4, 2019) (placing documents under a short provisional seal to allow the moving party time to file briefs with factual and legal support for the request). Such relief is similarly appropriate here where the

4

underlying documents have been designated by Defendants, Relator is the party making use of the documents (or information contained therein), and Defendants have not had the opportunity to evaluate the information to make their arguments maintaining the seal, if any such arguments are appropriate.

    For the reasons set forth herein, Relator respectfully requests leave to file the Second Amended Complaint under seal and that such document remain under seal for a period of thirty days, during which time the parties can agree to the terms of a protective order to submit for the Court's consideration, and Defendants can review the filing for any confidential markings necessary to be made under such Protective Order.

Dated: December 4, 2020

                                Respectfully submitted,

                                _/s/ Jillian L. Estes_
                              Jennifer M. Verkamp
                              Frederick M. Morgan, Jr.
                              Jillian L. Estes (Fla. Bar No. 0055774)
                              MORGAN VERKAMP, LLC
                              35 East Seventh Street, Ste. 600
                              Cincinnati, Ohio  45202-2015
                              Tel. (513) 651-4400
                              Fax (513) 651-4405
                              jennifer.verkamp@morganverkamp.com
                              rick.morgan@morganverkamp.com
                              jillian.estes@morganverkamp.com

                              *Counsel for Relator*

## **CERTIFICATE OF CONFERENCE**

I hereby certify that I conferred with counsel for Defendants EB and NNS who represented that they consent to the relief sought herein.

    /s/ Jillian L. Estes
Jillian L. Estes

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing will be served via the Court's electronic filing system and served on all counsel of record on this 4th day of December, 2020.

    /s/ Jillian L. Estes
Jillian L. Estes